Patricia Kakalec
Hugh Baran
Kakalec Law PLLC
80 Broad Street, Suite 703
New York, NY 10004
(212) 705-8730
patricia@kakaleclaw.com
hugh@kakaleclaw.com
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| N.R., I.E.C.G., M.V.A., J.V.T., and E.A.G.V, on their own behalves and on behalf of their minor children, S.N.M.M., A.C.C., B.V.M., V.E.V.H., and Y.Y.G.P., <br><br> Plaintiffs, <br><br> vs. <br><br> United States of America, <br><br> Defendant. | 4:23-CV-00201-JR <br><br> **UNOPPOSED MOTION FOR COURT APPROVAL OF SETTLEMENT OF MINORS' CLAIMS** |

Plaintiffs N.R., I.E.C.G., M.V.A., and E.A.G.V ("Minor Parent Plaintiffs"), on their own behalves and on behalf of their minor children, S.N.M.M., A.C.C., B.V.M., and Y.Y.G.P. ("Minor Plaintiffs" or "Minors"), ask the Court to approve the settlement of the claims of the Minor Plaintiffs against Defendant United States of America.

The Minor Parent Plaintiffs submit a Proposed Order accompanying this motion, which has been approved by counsel for Defendant. By email dated February 20, 2024, Assistant United States Attorney Gabriel Peraza indicated Defendant does not oppose the relief Plaintiffs seek herein.

# MEMORANDUM OF POINTS AND AUTHORITIES

This case involves claims against Defendant United States under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et. seq. ("FTCA") for alleged mistreatment of the Minor Plaintiffs S.N.M.M., A.C.C., B.V.M., and Y.Y.G.P., and their adult parents N.R., I.E.C.G., M.V.A., and E.A.G.V while in custody of the United States. These Plaintiffs – along with two other Plaintiffs, parent J.V.T. and now-adult child V.E.V.H.[1] – allege that they were detained and forcibly separated by Defendant, causing serious injury to the Plaintiffs.

Seeking damages for these violations, Plaintiffs brought claims pursuant to the FTCA for intentional infliction of emotional distress, negligence, negligent supervision, abuse of process, and loss of consortium. Plaintiffs' allegations are described in detail in their Complaint. (ECF No. 1.)

## I. The Settlement, Attorney's Fees and Costs.

Plaintiffs filed their initial Complaint in this action in this Court on April 27, 2023. Following several extensions, the Defendant moved to dismiss the Complaint on November 11, 2023. (ECF No. 30.) Thereafter, Plaintiffs and Defendant engaged in settlement negotiations. Those negotiations have culminated in a settlement whereby Defendant will pay Plaintiffs N.R., I.E.C.G., M.V.A., and E.A.G.V and their minor children, S.N.M.M., A.C.C., B.V.M., and Y.Y.G.P., $780,000 in settlement of all their claims, pending Court approval of the settlements with the four minor children. Defendant

---

[1] At the time his administrative complaint was filed, Plaintiff V.E.V.H. was a minor. Since that time, and shortly before this Court action was filed, V.E.V.H. turned 18 years old. It was therefore not necessary that this action be filed by V.E.V.H.'s parent J.V.T., and approval of the settlement of V.E.V.H.'s claim is not required. The settlement agreement for V.E.V.H.'s claims was signed by him individually and not by his parent.

- 2 -

will also pay Plaintiff J.V.T. and his adult son V.E.V.H. the amount of $260,000 in settlement of their claims. In total, Defendant will pay $1,040,000 in resolution of the case. Attached as Exhibit A are all five proposed Settlement Agreements, which have been signed by the adult Plaintiffs and their counsel.

The settlement of this case – as set forth in five individual settlement agreements – is contingent upon both Plaintiffs obtaining this Court's approval for the four minors' portion of the settlement and the authorization by the Attorney General or his designee to conclude negotiations and to consummate the settlement. Defendant is able to seek approval of the Settlement by the Attorney General only after Court approval of the infant compromise is obtained.

Plaintiffs request approval of the following allocation of the settlement as to the four families with Minor plaintiffs:

| Family No. | Plaintiff | Designation | Settlement Share | Attorney's Fees | Plaintiff's Share |
|---|---|---|---|---|---|
| 1 | N.R. | Parent | $80,000 | $7,500 | $68,000 |
|   | S.N.M.M. | Child | $80,000 | $7,500 | $68,000 |
| 2 | I.E.C.G. | Parent | $80,000 | $20,000 | $60,000 |
|   | A.C.C. | Child | $80,000 | $20,000 | $60,000 |
| 3 | M.V.A. | Parent | $140,000 | $35,000 | $105,000 |
|   | B.V.M. | Child | $140,000 | $35,000 | $105,000 |
| 4 | E.A.G.V. | Parent | $90,000 | $22,500 | $68,500 |
|   | Y.Y.G.P. | Child | $90,000 | $22,500 | $68,500 |
| *Total Settlement Amount for Minor Plaintiffs and their Plaintiff Parents* | | | $780,000 | | |

Plaintiffs seek to have the Minors' portions of the settlement placed in minor's trusts administered by Legacy Enhancement Trust, a highly-regarded non-profit corporation with offices in Texas and Pennsylvania which has Spanish-speaking staff. Distribution of funds to the Minors from the trust will be overseen by fiduciary trustees at Legacy Enhancement. Permissible distributions until the Minors turn 18 years old include expenses related to education, health care and technology. Any funds remaining when the

Minors turn 18 years old will be released to them *in toto*. Information about the Legacy Enhancement Trust and the agreements for funding the minor's trusts are contained in Exhibit B hereto.

Plaintiffs' counsel seek approval of $235,000 in total as attorneys' fees and costs.[2] These fees amount to less than twenty-five percent of the settlement amount as authorized in 28 U.S.C. § 2678, and covers approximately $1500 in costs.

## II.     Reasonableness of Settlement.

The district court in which a minor's claims are being litigated has a duty to protect the minor's interests. *See Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacaney v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). In reviewing a proposed settlement involving minors, the district court should consider whether the net amount distributed to a minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases. *Robidoux*, 638 F.3d at 1182.

Here, the Minors would receive funds ranging from $80,000 to $140,000. Plaintiffs desire to enter into this settlement, which provides them substantial recoveries, avoids litigation risk, and avoids subjecting the Minor plaintiffs to extensive discovery, including depositions and psychological evaluations, which would require them to relive and recount the trauma of their separations.

---

[2] Robert McCreanor, counsel for Plaintiffs N.R. and S.N.M.M., is taking a lower attorneys' fees recovery than counsel for the other Plaintiffs as he did not represent these Plaintiffs during the initial investigation and administrative claims process, unlike Kakalec Law PLLC, which has represented the Plaintiffs for over three years in pursuing these claims.

- 4 -

Plaintiffs contend that the Parent Plaintiffs may approve the settlement, including the allocation, and sign on behalf of the Minors. Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child, there is no inherent conflict of interest. *See Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) (citing *Croce v. Bromley Corp.*, 623 F.2d 1084, 1093 (5th Cir. 1980); *Gonzalez v. Reno*, 86 F.Supp.2d 1167, 1185 (S.D. Fla. 2000) ("When a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)").

Importantly, two courts in this District have recently approved minors' settlement of closely analogous FTCA family separation lawsuits in which lesser settlement amounts were received by the minors, and the minors' settlement proceeds were to be placed in a pooled minor's trust overseen by a fiduciary trustee at Legacy Enhancement, the same trustee Plaintiffs seek approval of here. *See* Order Approving Settlement of Minor's Claims, *F.R. v. United States*, Case No. CV-21-00339-PHX-DLR (D. Ariz. Nov. 1, 2023) (ECF No. 94) (attached hereto as Exhibit C); Order Approving Settlement of Minor's Claims, *Fuentes-Ortega v. United States*, Case No.: CV-22-00449-PHX-DGC (D. Ariz. Feb. 2, 2024) (ECF No. 84) (attached hereto as Exhibit D).

In this case, as in the *F.R.* and *Fuentes-Ortega* cases, Plaintiffs N.R., I.E.C.G., M.V.A., and E.A.G.V's interests are entirely aligned with those of their respective Minor children, S.N.M.M., A.C.C., B.V.M., and Y.Y.G.P. The eight Plaintiffs here are all seeking damages for their alleged unlawful separations. The Minors remain under the age of majority and reside with their respective Parent Plaintiffs and are supported by their parents. Plaintiffs N.R., I.E.C.G., M.V.A., and E.A.G.V will care for their Minor children for at least the next several years, and likely longer.

Finally, the attorneys' fees and costs which will come from the Minor children's settlements are presumptively reasonable, as they represent less than 25% of the Minors' recovery; 25% is the statutory amount permitted to be recovered in cases brought under the

FTCA. *See* 28 U.S.C. § 2678; *see also Anderson v. U.S.*, 127 F.3d 1190, 1191 (9th Cir. 1997) (noting that this attorneys' fees "provision and its legislative history indicate that Congress viewed FTCA claims as typically involving contingency fee arrangements, not recovery from the government.") (citation omitted); *Joe v. United States,* 772 F.2d 1535, 1537 (11th Cir. 1985) (noting that Congress raised the limit on attorneys' fees to 25% in 1966 and that "The legislative history of that amendment indicates that its purpose was to 'assure competent representation and reasonable compensation' in matters litigated under the FTCA" and "to encourage attorneys to take claims under the FTCA") (quoting legislative history). These fees are also reasonable in light of the litigation result here, and the fact that Plaintiffs' counsel pursued most Plaintiffs' claims for more than three years.

In the absence of any conflict of interest between the Plaintiffs, this Court has the power to approve the settlements and grant Plaintiffs N.R., I.E.C.G., M.V.A., and E.A.G.V the authority to execute the Settlement on behalf of their Minor children, Plaintiffs S.N.M.M., A.C.C., B.V.M., and Y.Y.G.P.

**III.    Requested Action by the Court.**

Plaintiffs ask the Court to enter the proposed Order submitted with this Motion which would: (1) approve the Settlement for the four families for $780,000, as allocated above; (2) authorize the Parent Plaintiffs' signatures on behalf of the Minor Plaintiffs; and (3) approve the placement of the Minors' Settlement shares into pooled minor's trust accounts administered by Legacy Enhancement on behalf of Plaintiffs S.N.M.M., A.C.C., B.V.M., and Y.Y.G.P.  Plaintiffs' counsel will coordinate with Plaintiffs N.R., I.E.C.G., M.V.A., and E.A.G.V and Legacy Enhancement for the execution of all necessary paperwork and the funding of the pooled minor's trust accounts on behalf of Plaintiffs S.N.M.M., A.C.C., B.V.M., and Y.Y.G.P.

**IV.    Hearing.**

The Court may approve this Settlement without a hearing, and, indeed, the *F.R.* and *Fuentes-Ortega* settlements referred to above were approved without hearings.  However,

should the Court have any questions about the settlement, Plaintiffs ask that the Court conduct a hearing to address any issues that might exist. Because they reside throughout the country, Plaintiffs respectfully request that they and their counsel be permitted to appear at a hearing, if the Court determines one is necessary, via telephone or video-teleconference.

Respectfully submitted this day: February 22, 2024.

Patricia Kakalec
Hugh Baran
Kakalec Law PLLC
80 Broad Street, Suite 703
New York, NY 10004
(212) 705-8730
Patricia@KakalecLaw.com
Hugh@KakalecLaw.com
*Admitted pro hac vice*

Robert McCreanor
Law Office of Robert D. McCreanor, P.L.L.C.
245 Saw Mill River Road
Suite 106
Hawthorne, NY 10532
(845) 202-1833
rmccreanor@rdmclegal.com
*Admitted pro hac vice*

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

GARY M. RESTAINO
United States Attorney
District of Arizona
SARAH S. LETZKUS
Assistant U.S. Attorney
Arizona State Bar No. 027314
GABRIEL A. PERAZA
Assistant U.S. Attorney
Arizona State Bar No. 027428
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Sarah.Letzkus@usdoj.gov
Gabriel.Peraza@usdoj.gov

Attorneys for Defendant

Patricia Kakalec